THE BANK OF THE STATE OF GEORGIA *v.* PORTER.

There was no abuse of discretion in denying the injunction.

July 13, 1891.                                    *Judgment affirmed.*

Injunction.    Before Judge MARSHALL J. CLARKE. Fulton superior court.    March term, 1891.

The Bank of the State of Georgia by its petition alleged that it was the owner of the city lot on the south side of Kenny's alley, a public alley in Atlanta, adjacent to said alley and fronting on the west side of Loyd street; that J. H. Porter was having a stairway built about four feet wide, and extending at the base about eight feet in the alley on the north side thereof, just opposite the property of petitioner; that petitioner's property has on it a house with windows opening on the alley just opposite said stairway; that the alley where the stairway and platform are being erected is twenty feet wide and extends up to the rear of the building of Porter, against which the stairway and platform are being constructed; that the stairway and platform are entirely within the alley and will constitute an obstruction in the same if allowed to be completed; that special damage will result from the erection of the obstruction to petitioner's property, because of the fact that the width of the alley will be thereby materially reduced and the means of ingress and egress to and from petitioner's building will be reduced, and the staircase and platform will necessarily be an unsightly object in the alley. Wherefore petitioner prayed for injunction restraining Porter from further proceeding with the erection of the staircase and platform.

Porter answered that it was not true that he was building or attempting to build a stairway on the alley or any part thereof. The alley is not twenty feet wide, but is only twelve feet wide, on no part of which was defendant building or attempting to build, but he is building on his own land, to which he has perfect title and which has been in his continuous possession for years and never used except as a convenience to his store, the same being left vacant for his own convenience and not for the public use or as a part of a public alley. He denied that any damage would result to the bank on account of building the stairway, and alleged that it would be a great convenience to him, and add to the value of his property.

On the hearing for injunction it was admitted that petitioner had title to the city lot on the south side of the alley. The deed under which defendant claimed title to the lot on the opposite side of the alley was dated December 10, 1877, and purported to convey to him a tract of land, fronting twenty-four feet on Alabama street, running back parallel with and fronting on Loyd street, 127 feet to a "twelve foot alley," and it appeared from testimony for defendant that a lot beginning at the corner of Alabama and Loyd street and running back 127 feet would leave an alley but twelve feet wide between such lot and the property of petitioner.

The evidence adduced before the judge was conflicting, and he denied the injunction on the ground that it had not been shown that the ground on which defendant was erecting the stairway had ever been dedicated to public use as a public alley. The petitioner excepted.

HALL & HAMMOND, for plaintiff.

A. A. MURPHEY, for defendant.